Anthony WILLIAMS, Plaintiff—
Appellant,

v.

Rosie GARCIA; G. Castillo; D.
Mettler, Defendants—
Appellees.

No. 03–56913.

D.C. No. CV–99–00606–BTM.

United States Court of Appeals,
Ninth Circuit.

Submitted April 7, 2004.*

Decided May 14, 2004.

Anthony Williams, Coalinga, CA, pro se.

Attorney General, Richard F. Wolfe, Office of the California Attorney General, San Diego, CA, for Defendants–Appellees.

Before SNEED, SKOPIL, and LEAVY, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

MEMORANDUM**

Anthony Williams, a California state prisoner, appeals pro se the district court's grant of summary judgment in favor of prison officials in Williams' 42 U.S.C. § 1983 action alleging that prison officials were deliberately indifferent to his medical needs in violation of the Eighth Amendment. We affirm.

Williams contends that the defendants acted with deliberate indifference when they placed him in an upper-tier cell despite his medical authorization to be placed in a lower-tier cell. Williams has a lower left leg amputation and he ambulates with a prosthetic device and walking cane. Williams' cell transfer request was delayed for over a week, and, during that time, he suffered a fall while navigating the stairs between the tiers.

The district court did not err in granting summary judgment. Taking the facts in a light most favorable to Williams, we conclude that defendants' conduct did not violate a constitutional right. *See Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (noting if no constitutional right was violated, "there is no necessity for further inquiries concerning qualified immunity"). The record establishes that Williams' transfer to an upper-tier cell took place during a period of heightened prison security and a temporary prison lockdown. The transfer of Williams to an upper-tier cell and the subsequent delay in processing his request to return to a lower-tier cell under these circumstances does not evidence a deliberate indifference to Williams' medical needs. *See Farmer v. Brennan,* 511 U.S. 825, 844, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (noting prison officers are free from

liability "if they responded reasonably to the risk, even if the harm ultimately was not averted").

AFFIRMED.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.